SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damario Antwan Earl, | No.  CV-19-03858-PHX-ROS (DMF) |
| Petitioner, | |
| v. | **ORDER** |
| State of Arizona, | |
| Respondent. | |

Petitioner Damario Antwan Earl, who is confined in the Arizona State Prison Complex-Winslow, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2).  The Court granted the Application but dismissed the Petition without prejudice and with leave to amend (Doc. 4.)  However, the Court inadvertently sent Petitioner the incorrect form to use for filing an amended petition.

On July 1, 2019, Petitioner submitted an amended petition using the incorrect form provided to him by the Court (Doc. 5).  The Court struck the amended petition and granted Petitioner leave to file a second amended petition using the appropriate form, which the Clerk of Court mailed to Petitioner (Doc. 6).  Petitioner has filed a Second Amended Petition (Doc. 7).  The Court will require an answer to the Second Amended Petition.

**I.     Second Amended Petition**

Petitioner was convicted pursuant to a plea agreement in Maricopa County Superior Court, case #CR 2012-114536, of first degree burglary, armed robbery, and theft of means

TERMPSREF

of transportation and was sentenced to a 14-year term of imprisonment. Petitioner was denied post-conviction relief, and the Arizona Court of Appeals granted review but denied relief. *See State v. Earl*, No. 1 CA-CR 16-0633 PRPC, 2017 WL 4414001, at *1 (Ariz. Ct. App. Oct. 5, 2017) (concerning Petitioner's successive petition for post-conviction relief).

In his Second Amended Petition, Petitioner names Wayne Mooney as Respondent, and the Court will add the Arizona Attorney General as an additional Respondent. Petitioner raises two grounds for relief. In both grounds, Petitioner alleges a breach of his plea agreement rendering it involuntary and asserting a violation of due process, ineffective assistance of counsel, and an illegal sentence.

The Court will require Respondents to answer the Second Amended Petition. 28 U.S.C. § 2254(a).

### III. Warnings

#### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

#### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Second Amended Petition (Doc. 7) and this Order on the Respondent(s) and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office.  Pursuant to the Memorandum of Understanding, copies of the Second Amended Petition and this Order will be sent via Notice of Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General for the State of Arizona to designated electronic mail addresses.  Within 2 business days, the Attorney General's Office will acknowledge receipt of the Second Amended Petition and the Court's Order and within 5 business days will either file a notice of appearance on behalf of Respondents or will notify the Court of the names of the Respondents on whose behalf the Arizona Attorney General's Office will not accept service of process.

(2) Respondents must answer the Second Amended Petition within **40 days** of the date of service.  Respondents must not file a dispositive motion in place of an answer.  Respondents may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits of all claims.  The failure to set forth an affirmative defense regarding a claim in an answer may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular claim does not waive any argument on the merits as to that claim.  If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.  If not, the answer must fully comply with all the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative

Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(4) Petitioner may file a reply within 30 days from the date of service of the answer.

(5) This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 4th day of November, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge

TERMPSREF