**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damario Antwan Earl, | No. CV-19-03858-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Respondents. | |

On June 10, 2020, Magistrate Judge Deborah M. Fine issued a Report and Recommendation ("R&R") recommending the Court deny as untimely Petitioner Damario Antwan Earl's petition for writ of habeas corpus. (Doc. 13). Petitioner filed timely objections, primarily arguing he is entitled to equitable tolling because of his good faith efforts in pursuing relief. (Doc. 14 at 3). Because the R&R correctly analyzed the timeliness issue, it will be adopted in full.

The R&R accurately recounts the factual and procedural background. In brief, Petitioner pled guilty to three charges in August 2013. On November 1, 2013, Petitioner was sentenced to a total of fourteen years' imprisonment. Shortly after that sentencing, Petitioner filed a petition for post-conviction relief in the state trial court. After additional proceedings in that court, the petition was denied on December 23, 2014. Petitioner filed a motion for reconsideration but, on November 25, 2015, that motion was denied. (Doc. 11-2 at 133).

After the trial court denied the motion for reconsideration, Petitioner sought and

obtained three extensions of time to file his petition for review with the Arizona Court of Appeals.  The order granting Petitioner's third extension ordered Petitioner to "file his petition within 30 days from the date of this Minute Entry." (Doc. 11-3 at 21).  That minute entry was dated April 26, 2016, but it was not filed until May 5, 2016.  (Doc. 11-3 at 21). Respondents believe the filing date is the relevant date, meaning Petitioner had thirty days from May 5 to file his petition for review with the appellate court.  (Doc. 11 at 8).  Thirty days from that date was June 4, 2016, a Saturday.  Therefore, the due date was the following Monday, June 6, 2016.  That calculation is more favorable to Petitioner than using the date the minute entry was issued and the Court will use June 6, 2016, as the date his petition for review was due.

On May 10, 2016, Petitioner filed a fourth request for an extension of time to file his petition for review.  (Doc. 11-3 at 19).  Respondents opposed that request, arguing Petitioner had not provided any plausible explanation for needing yet another extension of time.  (Doc. 11-3 at 25).  The June 6 due date then passed without Petitioner filing his petition for review.  In fact, as of August 1, 2016, Petitioner still had not filed a petition for review.  On that date, the trial court denied Petitioner's fourth request for an extension of time.  (Doc. 11-3 at 46).  That denial meant the already-passed deadline of June 6, 2016, was when Petitioner should have filed his petition for review.  Because Petitioner had not filed a petition by that date, the one-year statute of limitations for seeking federal review commenced as of June 6, 2016.  *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (holding the "one-year statute of limitations" begins on "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or . . . *the expiration of the time for seeking such proceeding or review*") (emphasis added).  The statute of limitations then expired a year later in June 2017.  Petitioner did not file his federal petition until May 23, 2019, well beyond the deadline.

After reciting this analysis, the R&R concluded the petition was untimely and there was no basis for excusing that untimeliness.  Petitioner filed objections but his objections do not point to any errors in the R&R's dates or calculation method.  Instead, Petitioner

appears to argue he is entitled to equitable tolling because he was unaware of how the one-year statute of limitations would apply in his case. (Doc. 14).

"A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020). Petitioner has not established he was pursuing his rights diligently nor has he identified any "extraordinary circumstances" that prevented his timely filing. Of particular importance, the Ninth Circuit has held "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Thus, Petitioner's arguments that he was unaware of how the statute of limitations would apply is not enough to invoke equitable tolling. Because Petitioner is not entitled to equitable tolling, his petition must be dismissed as untimely.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 13) is **ADOPTED IN FULL**. The Second Amended Petition for Writ of Habeas Corpus (Doc. 7) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** a Certificate of Appealability is denied because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

Dated this 6th day of August, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge